a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ROY ROBERTSON,<br>Petitioner | CIVIL DOCKET NO. 5:19-CV-01435-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DARREL VANNOY,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) filed by *pro se* Petitioner Roy Robertson ("Robertson") (#716382). Robertson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Robertson challenges his conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

Because Robertson's Petition (Doc. 1) is timely and his claims appear exhausted based on the documents provided, the Petition (Doc. 1) should be SERVED on Respondent.

I.   Background

Robertson was convicted of aggravated rape of a person under the age of 12 in violation of La. R.S. 14:42. State v. Robertson, 51,521 (La. App. 2 Cir. 8/16/17, 1); 243 So.3d 1196. He was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Id. Robertson's conviction was affirmed

1

on appeal, but the life sentence was modified to a term of 20 years imprisonment without restriction on parole, probation, or suspension of sentence. Id. Robertson sought no further review on direct appeal.

Robertson filed an application for post-conviction relief on the grounds that: (1) he was denied the right to appellate review and a trial transcript; (2) he was denied effective assistance of counsel because his attorney did not hire a child sexual abuse expert; (3) the prosecutor committed misconduct during the opening and closing arguments denying Robertson of a fair trial; (4) the state was allowed 13 peremptory challenges during voire dire; (5) peremptory strikes were used in a discriminatory manner; (6) he was denied effective assistance of counsel because his attorney failed to properly investigate and interview witnesses prior to trial, subpoena records, and object to remarks by the prosecutor; (7) his appellate counsel was ineffective for failing to raise crucial issues on appeal; (8) there was insufficient evidence to convict him; and (9) the statute of limitations had expired. (Doc. 1-3, pp. 48-53). The trial court denied Robertson's application. (Doc. 1-4, pp. 32-37).

The Louisiana Second Circuit Court of Appeal denied writs. (Doc. 1-4, p. 73). The Louisiana Supreme Court denied writs, finding that: "Applicant fails to show that he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As to his remaining claims, applicant fails to satisfy his post-conviction burden of proof. La.C.Cr.P. art. 930.2." State v. Robertson, 2018-1807 (La. 10/15/19); 280 So.3d 559.

In his § 2254 Petition, Robertson raises the same claims presented in the state courts.[1]

## II. Service of Process

THE CLERK IS DIRECTED to prepare summons and serve a copy of the Petition (Doc. 1) and this Order on:

- the Attorney General for the State of Louisiana and the respondent warden, via Certified Mail, and;

- the District Attorney for the First Judicial District Court, Caddo Parish, where Robertson was convicted and sentenced, via First Class Mail.

The Clerk shall serve Robertson with a copy of this Order only.

IT IS ORDERED that Respondent, through the District Attorney, file within sixty (60) days after the date of service of summons:

1. An answer to the Petition.

    (a) The answer shall state whether Petitioner has exhausted state remedies, including any post-conviction remedies available to him under Louisiana law, by properly presenting to the Louisiana Supreme Court all issues raised in this petition. If Respondent claims that Petitioner has failed to exhaust his state remedies, Respondent shall state whether Petitioner has any available procedural

---

[1] Robertson's fourth claim objects to the number of peremptory challenges that the State was afforded. This claim is not reviewable under § 2254 because it raises only a question of state law as opposed to one of constitutional dimension. See Ross v. Oklahoma, 487 U.S. 81, 88–89 (1988) ("Because peremptory challenges are a creature of statute and are not required by the Constitution, it is for the State to determine the number of peremptory challenges allowed and to define their purpose and the manner of their exercise."); Georgia v. McCollum, 505 U.S. 42, 57 (1992) ("[T]he right to a peremptory challenge may be withheld altogether without impairing the constitutional guarantee of an impartial jury and a fair trial."). Robertson's other eight claims are based on alleged constitutional violations.

vehicle by which he may present his claims to the state courts, and if not, Respondent shall present applicable case law as to whether this Court should reach the merits of the claims. If Respondent contends that Petitioner has procedurally defaulted on any ground presented in this petition, Respondent should raise the defense of procedural default.

Respondent shall also address whether the claims presented herein are cognizable on federal habeas review. If they are not cognizable, Respondent shall present applicable case law as to why the claims are not properly reviewable by this Court.

Respondent must also state whether Petitioner demonstrates that any of the claims presented herein have been adjudicated in state court proceedings that resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See 28 U.S.C. § 2254(d), as amended by § 104(d) of the AEDPA.

Respondent shall also state whether Petitioner has rebutted by clear and convincing evidence any factual determination made by a state court and which is presumed to be correct in this proceeding. See 28 U.S.C. § 2254(e)(1), as amended by § 104(e) of the AEDPA.

(b)  In the event Respondent contends that it has been prejudiced in its ability to respond by Petitioner's delay in filing or that the petition is a second or

4

successive petition under 28 U.S.C. § 2254, Respondent shall set forth such contentions with particularity.

(c) Respondent is further ordered to specifically address whether the filing deadlines contained in 28 U.S.C. § 2244(d)(1) (as amended by Section 101 of AEDPA) are applicable to this proceeding and bar review of Petitioner's claims.

2. A memorandum of law in support of all issues raised in the answer, citing relevant Fifth Circuit authority and referring to the pertinent page numbers in the state court record in support of the answer. A COPY OF THE BRIEF FILED IN STATE COURT WILL NOT BE DEEMED SUFFICIENT IN THIS PROCEEDING.

3. **A certified copy of the state court record, including transcripts of all proceedings held in the state courts.**

4. A certified copy of all documents, including all briefs or memoranda of any party, filed in connection with any appeal, application for post-conviction relief, or writ application presented to any and all state district courts, appellate courts, or the Louisiana Supreme Court.

5. Certified copies of, or citations to, all state court dispositions, including the Louisiana Supreme Court decision pertaining to the underlying conviction.

Respondent is to provide the Magistrate Judge with a paper copy of all exhibits filed using CM/ECF. The pages of the record shall be arranged in chronological sequence and securely bound together and numbered consecutively. An index describing each item submitted and showing each item's page number shall also be filed/attached.

In the event the Respondent is unable to produce any of the above documents, Respondent shall advise this Court in writing why Respondent is unable to produce them.

IT FURTHER IS ORDERED that Petitioner is allowed twenty (20) days following the filing of Respondent's memorandum in which to file any response he wishes to present to this Court.

After the record is complete and all legal delays have run, the Court will determine the necessity of an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will issue without further notice.

IT IS FURTHER ORDERED that, as a condition to their acceptance by the Clerk, all future filings by Petitioner or Respondent(s) shall include a certificate indicating that a copy thereof has been furnished to the other parties.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 16th day of December 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE